**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHANDONG AIRLINES CO., LTD.,
etc.,

    Plaintiff,

vs.              Case No. 3:09-cv-308-J-32MCR

CAPT, LLC, etc., et al.,

    Defendants.

## **TEMPORARY RESTRAINING ORDER**[1]

  This case is before the Court on plaintiff Shandong Airlines, Ltd.'s ("Shandong") Verified Emergency *Ex Parte* Motion for Temporary Restraining Order (Doc. 2), filed earlier today. The Court conducted an *ex parte* telephone hearing on the motion at 5:30 p.m. today, the record of which is incorporated by reference.

  As verified in its complaint, Shandong alleges that defendant CAPT, LLC ("CAPT") has breached a contract entered into between Shandong and CAPT by which CAPT, a flight training school owned by defendant Flight Training Services International ("FTSI"), agreed to provide flight training to twenty-four Shandong pilot cadets, who are Chinese nationals. The contract (attached to the complaint as Exhibit A, and supplemented in accordance with Exhibit B), provides, *inter alia*, that CAPT would provide a fifty-two week flight training course at its Palm Coast, Florida facilities, including housing and a weekly living allowance, in

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

exchange for $68,000 payment per student. The contract further provides that if CAPT fails to provide the agreed upon training, CAPT would be responsible for transferring the students to another program at its own expense. According to the complaint, the twenty-four Shandong students were admitted into the United States on M-1 vocational student visas on April 23, 2008. Shandong alleges that it has paid CAPT in accordance with the contract terms (which sum by the end of 2008 totalled $1,428,000.00), but that CAPT has failed to provide the training provided under the contract. On March 27, 2009, CAPT sent Shandong a letter stating that CAPT "consider[s] the existing contracts to be null and void" and explaining that unless Shandong agreed to pay additional sums for the training, CAPT would "withdraw its sponsorship of all Shandong student Visas and require the immediate removal of the students from the CAPT housing." See Doc. 1 (Verified Complaint), Exhibit C. Shandong also believes that CAPT is trying to sell or transfer its training equipment which actions would, in effect, result in CAPT no longer being an operational school with the ability to confer vocational student status for purposes of the M-1 visas.

Shandong seeks a temporary restraining order to prevent CAPT from unilaterally terminating its contract, from withdrawing its sponsorship of the twenty-four Shandong student M-1 visas, and from selling, transferring or otherwise disposing of its training equipment, including the four aircraft owned by FTSI and three flight simulators. Shandong further alleges that if the temporary restraining order does not issue without notice, CAPT is likely to effectuate its threats, leaving the Shandong students in a dire situation in that they would no longer have legal status in this country, and without remedy in that, without a valid visa, the students could not secure flight training in an alternate school.

In accordance with Fed.R.Civ.P. Rule 65(b) and Local Rule 4.05, and based on the Court's review of the verified materials filed by Shandong and the statements made on the record at the hearing this afternoon, the Court finds Shandong has shown a substantial likelihood of success on the merits of its complaint for breach of contract[2]; a substantial threat of irreparable injury which will be visited upon the Shandong students if their M-1 visas are revoked by CAPT's unilateral action in terminating the contract with Shandong in that these students may be unable to complete their training (at CAPT or elsewhere) if their visas are revoked, as well as the imminency of this threat which calls for immediate action without notice; that the threatened injury to Shandong outweighs any harm that might result to CAPT or FTSI during the brief duration of the restraining order; and that the entry of this temporary restraining order is not adverse to the public interest. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting out four part test to secure temporary restraining order or preliminary injunction). Additionally, because the entry of this Temporary Restraining Order seeks only to preserve the status quo, no bond will be required at this time. At the preliminary injunction hearing (or beforehand upon motion), defendants may move the Court to revisit the matter of bond.

---

[2]The amount of this claim is alleged to be well in excess of $75,000.00 and the parties are diverse, therefore, the Court has subject matter jurisdiction. Because the Court has determined Shandong has demonstrated a substantial likelihood of prevailing on its breach of contract claim, the Court did not consider whether Shandong has also demonstrated a substantial likelihood of prevailing on its claims of fraudulent inducement, promissory estoppel and unjust enrichment.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Verified Emergency Ex Parte Motion for Temporary Restraining Order (Doc. 2) is **GRANTED** to the extent that, pending further Order of the Court, defendants CAPT, LLC and Flight Training Service International, their officers, directors, employees, representatives, agents, subsidiaries, and all persons (including corporations, entities, and/or trusts) in active concert or participation with any of them are hereby temporarily restrained from:

    a. unilaterally terminating CAPT's Contract with Plaintiff Shandong Airlines Co., Ltd. with respect to the FAA Commercial Pilot Certification training of the twenty-four Shandong Airline trainee pilots;

    b. withdrawing CAPT's sponsorship of the M-1 visas of the twenty-four Shandong Airline trainees; and

    c. taking any steps which would jeopardize CAPT's status as an FAA licensed training facility until the Shandong Airline trainee pilots have either secured a replacement sponsor, reached agreement with a replacement facility, or have left the United States.

2. Nothing in this Temporary Restraining Order is intended to prevent defendants from complying with applicable federal or state law.

3. This Temporary Restraining Order will expire, unless otherwise extended, on April 16, 2009 at 5:00 p.m.

4. This case is set for a **HEARING** to determine whether to convert this temporary restraining order into a preliminary injunction on **THURSDAY, APRIL 16, 2009 at 2:00 P.M.** before the undersigned in Courtroom 10D, Tenth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.[3] Defendants are permitted to file briefs, affidavits, and any other evidentiary materials concerning their position no later than Wednesday, April 15, 2009 at 5:00 p.m.

5. Defendants are also permitted to move the Court to revisit this Temporary Restraining Order or any of its terms in advance of the preliminary injunction hearing. Upon such a request, the Court will immediately schedule a hearing.

6. Plaintiff shall forthwith serve a copy of this Temporary Restraining Order, as well as the complaint and all other pleadings, upon defendants' principals, filing a certificate of service to verify same.

**DONE AND ORDERED** at Jacksonville, Florida at 6:29 p.m. this 6th day of April, 2009.

s.
Copies:
counsel of record

_____
TIMOTHY J. CORRIGAN
United States District Judge

---

[3] All persons entering the courthouse must present photo identification. Cell phones, laptop computers and similar electronic devices may be stored in the first floor lockers provided by the Federal Bar Association upon presentation of a valid Florida Bar card or Order of admission *pro hac vice*. For purposes of this hearing, counsel may also bring those devices into the courtroom upon presentation of a copy of this Order. Phones must remain off while court is in session.