UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHANDONG AIRLINES, Co., LTD.,

    Plaintiff,

vs.                                                  Case No. 3:09-cv-308-J-32MCR

CAPT, LLC, et., al.,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Verified Emergency Ex Parte Motion for Prejudgment Writs of Attachment and Garnishment (Doc. 24) filed June 24, 2009. Plaintiff asks the Court to enter an Order directing the Clerk to issue a prejudgment writ of attachment against assets of Defendants, which Defendants are planning to auction Saturday, June 27, 2009. Plaintiff also seeks issuance of writ of garnishment against Florida Auction Services, the company hired by Defendants to conduct the auction in the amount of $4,388,986.97 from the proceeds of the auction.

Rule 64(a) of the Federal Rules of Civil Procedure provides:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Rule 64(a), Fed.R.Civ.P. Accordingly, the undersigned will examine Florida law governing attachment and garnishment to determine whether Plaintiff is entitled to either.

**A.     Attachment**

Chapter 76, Florida Statutes governs attachment proceedings.  Plaintiff claims it is entitled to a writ of attachment pursuant to section 76.09, which provides:

> When the debt is actually due, the motion shall state the amount of the debt that is actually due, and that movant has reason to believe in the existence of one or more of the special grounds in section 76.04, Florida Statutes, stating specifically the grounds.

§76.09, Fla. Stat. (2009).  Additionally, in order to obtain a writ of attachment, the person applying for it must post a bond in an amount "at least double the debt demanded." §76.12, Fla. Stat. (2009).

Florida courts have noted that the term "debt" in the statute refers to a liquidated, rather than unliquidated claim or demand.  Robinson v. Loyola Foundation, Inc., 236 So.2d 154, 157 (Fla. 1st DCA 1970) (citing Papadakos v. Spooner, 186 So.2d 786 (Fla. 3rd DCA 1966)).  "A claim for debt or damages is held to be liquidated in character if the amount thereof is fixed, has been agreed upon, or is capable of ascertainment by mathematical computation or operation of law." Robinson, 236 So.2d at 157 (citations omitted).

Here, Plaintiff alleges it is entitled to $4,388,986.97 in damages as a result of Defendants' breach of a contract.  Plaintiff has provided an affidavit from Gongze Li showing the calculation of Plaintiff''s damages.  (Doc. 24, Ex. B).  Mr. Li's affidavit sets forth six categories of damages: refund, price increase, visa extension costs, temporary housing expenses, travel expenses, and loss of profit.  Id.  The amount of each category is supported either by documentary evidence showing the claimed amount, or

by detailed mathematical formulas showing the calculation.  Id.  As such, the undersigned finds Plaintiff has established a liquidated claim against Defendants.

Next, Plaintiff must show it has reason to believe in the existence of one or more of the special grounds set forth in Florida Statutes, §76.04.  That statute provides:

> The creditor may have an attachment on a debt actually due to the creditor by his or her debtor, when the debtor:
>
> (1) Will fraudulently part with the property before judgment can be obtained against him or her. ...

§76.04(1), Fla. Stat. (2009.  Plaintiff alleges Defendants are fraudulently parting with their assets in Florida before judgment can be entered.  Plaintiff has provided an Auction Announcement declaring that Defendants are closing their flight training school and will auction off 3 million dollars worth of assets at a private auction scheduled for June 27, 2009.  (Doc. 24,  Ex. A).  The assets described in the Auction Notice include flight simulators, office equipment, and furniture.  Id.  In light of the indication that Defendants are planning to close down the CAPT flight training school in Florida, the fact that CAPT's parent company, co-defendant FTSI, is located in Georgia, and the timing of the sale,[1] it appears that Defendants intend to dissipate their remaining Florida assets.  Id.  Accordingly, I find Plaintiff has satisfied its burden of showing it has reason to believe Defendants are fraudulently parting with or disposing of their assets.

---

[1] On June 4, 2009, Plaintiff obtained entry of default against Defendants (Doc. 21) and on June 8, 2009, Plaintiff was directed to file its motion for final default judgment by July 31, 2009 (Doc. 22).  Shortly thereafter, Defendants decided to close their flight school and auction off the assets.

-3-

As Plaintiff has satisfied these statutory prerequisites, the only other requirement before issuance of the writ is that Plaintiff, Plaintiff's agent, or Plaintiff's attorney "makes a bond with surety to be approved by the clerk payable to defendant in at least double the debt demanded conditioned to pay all costs and damages which defendant sustains in consequence of plaintiff's improperly suing out the attachment." §76.12, Fla. Stat. (2009). In the present case, Plaintiff asks the Court to require it to only post a bond "not exceeding $5,000." (Doc. 24, p.7). Plaintiff notes that as it is a foreign corporation, no surety will issue a bond without Plaintiff having to post "collaterals equal to 100% the amount of the bond." (Doc. 24, p.7, n.2). Plaintiff argues this would impose an undue burden on Plaintiff and therefore, Plaintiff asks the Court to treat the instant motion as one seeking post-judgment writs.

While the Court is sympathetic to Plaintiff's position, it understands that "'[b]ecause of the extraordinary nature of attachment proceedings, the terms of the statute must be narrowly construed.'" Future Tech Intern., Inc. v. Tae Il Media, Ltd., 944 F.Supp. 1538, 1554 (S.D. Fla. 1996) (quoting Cerna v. Swiss Bank Corp., 503 So.2d 1297 (Fla. 3rd DCA 1987)). As such, the Court cannot permit Plaintiff to post a bond in an amount less than the amount stated in the statute. Additionally, although a Clerk's default has been entered, no judgment has been entered and therefore, the Court cannot treat the motion as one seeking post judgment writs. Accordingly, the Court will grant Plaintiff's request for the prejudgment writ of attachment upon posting of an appropriate bond.

**B.      Garnishment**

In addition to a prejudgment writ of attachment, Plaintiff also seeks a prejudgment writ of garnishment of any proceeds from the auction scheduled for June 27, 2009.  Florida Statutes, Chapter 77 governs matters of prejudgment garnishment in this state.  Specifically, to obtain a prejudgment writ of garnishment, §77.031 requires a plaintiff to:

> File in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

§77.031(2), Fla. Stat. (2009).  Additionally, like a writ of attachment, for the writ of garnishment to issue, the plaintiff must post a bond "in at least double the amount of the debt demanded."  §77.031(3), Fla. Stat. (2009).

In support of its claim for the writ, Plaintiff has alleged its causes of action against Defendants and has stated the factual grounds for its claims.  Plaintiff also made the following verified statements: (1) Defendants owe Plaintiff a debt in the total amount of $ 4,388,986.97. This debt is due, just, and unpaid; (2) Plaintiff does not seek the prejudgment writ of garnishment to injure Defendants or Florida Auction Services, the garnishee; and (3) Plaintiff believes Defendants will not have in their possession tangible or intangible property in this state on which a levy can be made sufficient to satisfy Plaintiff's claim after the final judgment is entered and execution is issued.

The undersigned believes Plaintiff has satisfied the requirements of §77.031(2), Florida Statutes.

However, §77.031(3) requires Plaintiff, Plaintiff's agent, or Plaintiff's attorney to post a bond "with a surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment." §77.031(3), Fla Stat. (2009). As noted above, the Court must narrowly construe the provisions of the statute governing prejudgment writs of garnishment and therefore, will not permit Plaintiff to post a bond in a lesser amount.

As the Court finds Plaintiff has satisfied the requirements in Chapters 76 and 77 of the Florida Statutes, governing writs of attachment and garnishment, a writ of attachment and a writ of garnishment are properly ordered. The writs shall not be issued, however, until Plaintiff posts a bond in the amount of $8,777,973.94. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Verified Emergency Ex Parte Motion for Prejudgment Writs of Attachment and Garnishment (Doc. 24) is **GRANTED**.

2. Plaintiff shall post a bond with the Clerk in the amount of Eight Million, Seven Hundred Seventy-seven Thousand, Nine Hundred Seventy-three Dollars and Ninety-four cents ($8,777,973.94).

3. Upon receipt of an acceptable bond in the amount of $8,777,973.94 from Plaintiff, the Clerk is directed to issue forthwith the prejudgment writ of attachment against Defendants and the prejudgment writ of garnishment against Defendants and directed to Garnishee, Florida Auction Services.

4. Pursuant to Fla. Stat. § 77.055, within 5 days after service of the garnishee's answer on Plaintiff or after the time for garnishee's answer has expired, Plaintiff shall mail a notice advising Defendants that they have 20 days to move to dissolve the writ of garnishment if they find any allegation in Plaintiff's Motion for Writ of Garnishment to be untrue.

5. Defendants may apply for the dissolution of the writs pursuant to Florida Statutes §76.24 and §77.07.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  25th  day of June, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record